The opinion of the court was delivered by
Spencer, J.
The defendants were indicted and tried for murder. O’Grady was convicted without capital punishment, Gainnie was acquitted. The former appeals.
No brief has been filed by his counsel; but an examination of the record discloses—
First — A motion filed on sixth December, 1878, for continuance, on the ground that the court was not properly constituted, in that James D. Houston, who was acting as sheriff, had been elected Administrator of Improvements of the city of New Orleans, and had qualified as such on the fifteenth of November, 1878, and had since been acting as such administrator ; that thereby he ceased to be sheriff.
The court refused the continuance on this ground, but granted it until the thirteenth of December, on account of necessary absence of counsel for one of the accused. On same day, December 6, John Fitzpatrick, the newly elected sheriff, presented his commission and was recognized. The trial commenced on the thirteenth December, at which *379 time the court was undoubtedly properly constituted. We do not desire to be understood, however, as intimating that a party charged with crime can be heard to raise as an issue that the ministerial and other officers of the court, actually and defacto acting as such, have no legal right to be such officers. We should never get a criminal tried at that rate. He would commence with a kind of collateral quo warranto as to the judge and then go on down through the official roster of the court.
Second — After conviction O’Grady moved for a new trial in order that he might have the benefit of the testimony of his co-defendant Gainnie, by whom he alleged he could prove that the deceased a short time before the killing had threatened him and followed him for some time that night with intention to kill him, the accused; that accused acted in self-defense in killing the deceased, because “ when deeeased was shot he arose to slay accused, and actually attempted to carry his threat into execution, and would have done so had not defendant in self-defense shot and killed him.”
The showing for new trial is defective in form and insufficient in substance. If the evidence sought would have been, as stated in the affidavit, it would not have tended to reduce the crime to any degree below murder, since the attempt to carry the alleged threats into execution was only made after accused had done his deadly work.
The judgment and sentence appealed from are affirmed.